O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**#55 (01/17 hrg off)**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:   (In Chambers) Order Denying Defendant's Motion for Summary Judgment**

Pending before the Court is Defendant Mario Ernst's Motion for Summary Judgment. Dkt. # 55. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion.

I.   Background

Chris McDonald ("McDonald" or "Plaintiff") filed this action in California state court, on behalf of herself and others similarly situated, in October 2011, alleging claims under California law for failure to provide overtime compensation, failure to pay wages owed for missed meal periods, failure to pay all wages owed following separation from employment, failure to provide accurate itemized statements, unfair and unlawful business practices, and violations under the Private Attorneys General Act ("PAGA"). *See TAC* ¶¶ 48-99. Additionally, Plaintiff brought a collective action for failure to pay overtime under the Fair Labor Standards Act ("FLSA"). *Id.* ¶¶ 44-47. Defendant Ricardo's on the Beach, Inc., ("Ricardo's") co-owned by Mario Ernst ("Mario Ernst") and Teri Ernst ("Teri Ernst") (collectively, "Defendants") employed Plaintiff, an hourly employee who worked at both Dinah's Family Restaurant ("Dinah's") and Ricardo's El Ranchito Restaurant ("El Ranchito"), owned by Ricardo's. *Id.* ¶ 2.

Defendants removed the case to federal court on November 9, 2011. Dkt. # 1. Defendant Mario Ernst has now filed this Motion for Summary Judgment, alleging that because he is an absentee owner, he cannot be held liable under the FLSA and PAGA. Dkt. # 55.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#55 (01/17 hrg off)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

II.   Legal Standard

Federal Rule of Civil Procedure 56(a) establishes that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for summary judgment not only as to an entire case, but also as to a claim, defense, or part of a claim or defense. *Id.* The movant bears the initial burden to demonstrate the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies the burden, the nonmovant must set forth specific evidence showing that there remains a genuine issue for trial, and "may not rest upon mere allegation or denials of his pleading." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

An issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 249-50. A party asserting that a fact cannot be genuinely disputed must support that assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A party may object that material cited would not be admissible in evidence. *See id.* 56(c)(2). Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the declarant or affiant is competent to testify on the matters stated. *See id.* 56(c)(4).

III.   Discussion

Mario Ernst contends Plaintiff's claims against him fail as a matter of law because he cannot be held personally liable as an employer under the FLSA and PAGA. The Court disagrees.

   A.   Individual Liability under the FLSA

"The definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but 'is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.'" *Lambert v. Ackerley,* 180 F.3d 997, 1011-12 (9th Cir. 1999) (citation omitted), *cert. denied,* 528 U.S. 1116, 120 S.Ct. 936 (2000). Specifically, Section 203(d) defines an employer as "any person acting directly or indirectly in the interest of an employer in relation

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#55 (01/17 hrg off)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). In determining whether a person is an employer, the Court applies the economic reality test. *Torres-Lopez v. May,* 111 F.3d 633, 639 (9th Cir. 1997); *Morgan v. MacDonald,* 41 F.3d 1291, 1292 (9th Cir. 1994), *cert. denied,* 515 U.S. 1148 (1995). Under this test, the Court must "consider the totality of the circumstances of the relationship, including whether the alleged employer has the power to hire and fire the employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Hale v. State of Ariz.,* 993 F.2d 1387, 1394 (9th Cir. 1993) (citations omitted), *cert. denied,* 510 U.S. 946 (1993).

Here, Plaintiff has proffered evidence that raises a material issue of fact as to whether Mario Ernst has the power to hire, promote, and fire the employees. *McDonald Decl.*, ¶¶ 4, 11-16 (contending that Mario Ernst promoted Ana Cadena, Guillermina Madrid, and Francisco Rodriguez; was responsible for determining employee raises; decided to fire Brenda Martinez and an employee named Carlos; and offered a job to Fernando Barba and an employee named Bernardo). Plaintiff has also offered evidence that raises an issue of material fact as to whether Mario Ernst supervises and controls employee work schedules or conditions of employment. For example, Plaintiff offers evidence to show that Mario Ernst is a 50% owner of Ricardo's, has made decisions regarding the number of hours worked by cooks and prep-cooks employed by Ricardo's, and signed the Ricardo's compensation and overtime policy. *Jenkins Decl.*, Ex. 1 (Mario Ernst Depo. at 11:6-14); *McDonald Decl.*, ¶7, Ex. 2 at 2, 6. Additionally, Teri Ernst would post notes above the time clock stating new procedures that Mario Ernst wanted employees to follow. *McDonald Decl.*, ¶ 23. Plaintiff has also raised material issues of fact as to whether Mario Ernst determined the rate and method of payment. Plaintiff's evidence suggests that Mario Ernst signed employee paychecks, brought the paychecks to the restaurant to be distributed, and put a freeze on pay increases for Ricardo's employees. *McDonald Decl.*, ¶¶ 8, 10. Also, according to Chris McDonald, at one point when two employees asked for a raise, Teri Ernst replied, "let me talk to Mario." *McDonald Decl.*, ¶ 11. Finally, Plaintiff has raised a material issue of fact as to whether Mario Ernst maintains payment records. Plaintiff has offered evidence to show that Mario Ernst maintains an electronic record of hours worked and wages paid to Ricardo's employees through TLD, another business owned by Mario Ernst. *Jenkins Decl.*, Ex. 4 (Ramos Depo., Vol. I, at 11:3-18, 36:5-37:13).

Accordingly, there is evidence sufficient to raise issues of material fact as to whether Mario Ernst is an "employer" within the meaning of the FLSA. *See Boucher v. Shaw*, 572 F.3d

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#55 (01/17 hrg off)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

1087, 1091 (9th Cir. 2009) (citing *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26, 34 (1st Cir. 2007) (holding corporation's president personally liable where he was in charge of hiring and firing employees and setting employees' wages and schedules); *United States Dep't of Labor v. Cole Enter., Inc.,* 62 F.3d 775, 778-79 (6th Cir. 1995) (person was employer within FLSA when president and 50% owner of corporation, ran business, issued checks, maintained records, determined employment practices, and was involved in scheduling hours, payroll, and hiring employees)).

    Defendants argue that because the determination of whether an individual defendant is an employer under the FLSA is ultimately a legal question, there are no disputed issues of fact. *Mot.* 4:5-6. However, in *Bonnette*, the Ninth Circuit recognized that underlying the legal classification of an employer are the underlying factual questions of the economic realities test. *Bonnette v. California Health and Welfare* Agency, 704 F.2d 1465, 1469 (9th Cir. 1983).

    Defendants also argue that FLSA liability may only be imposed on individuals who personally and directly engaged in the violative conduct itself. *Reply* 5:18-16:2. The Court is persuaded by the Ninth Circuit's reasoning in *Lambert*, in which liability was imposed under the FLSA for retaliatory firing where it was proven that the employer had a "significant ownership interest with operational control of significant aspects of the corporation's day-to-day functions; the power to hire and fire employees; the power to determine salaries; [and] the responsibility to maintain employment records." *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999). The Court notes that the passage cited by Mario Ernst in his Reply relates to the imposition of punitive damages and not initial liability under the FLSA. *Id.*; *see Reply* 6:22-27. Because the evidence offered by Plaintiff raises material issues of fact as to Defendant's ability to hire and fire employees, determine salaries, and maintain employment records; and therefore his involvement in the violative conduct, denial of summary judgment is proper.

    Thus, Mario Ernst's motion for summary judgment on his personal liability under FLSA is denied.

    2.    <u>Individual Liability under the PAGA</u>

    Under the PAGA, "any provision of [the California Labor Code] that provides for a civil penalty to be assessed and collected by the [Labor Workforce Development Agency], for any violation of [the] Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees[.]" Cal. Lab. Code § 2699(a). Additionally, under Labor Code § 558, there are civil

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#55 (01/17 hrg off)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

penalties available where an employer violates Labor Code § 510. *Id.* at § 558. Under Labor Code § 510,

> [a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

*Id.* at § 510(a). Labor Code § 558 makes clear that an individual defendant can be subject to the penalties of Labor Code § 510 if he is "acting on behalf of an employer who violates, or causes to be violated" Labor Code § 510. *See Ontiveros v. Zamora*, NO. CIV. S-08-567 LKK (DADx), 2009 U.S. Dist. LEXIS 13073, *15 (E.D. Cal. Feb. 20, 2009) ("[P]laintiff has alleged that [Defendant], in his capacity as owner of [the business], "caused" the wage and hour violations alleged in the complaint. . .").

Here, there are genuine issues of material fact as to whether Mario Ernst violated Labor Code § 510 or caused it to be violated. While Defendants contend that Mario Ernst himself did not fail to pay overtime hours, Plaintiff has presented evidence that paychecks were prepared at a company owned and operated by Mario Ernst and Mario Ernst's signature appears on the document establishing Ricardo's overtime policy. *Jenkins Decl.*, Ex. 1 (Mario Ernst Depo. at 13:12-17; 15:22-24), *Jenkins Decl.*, Ex. 2 (Terri Ernst Depo. at 37:7-22), *McDonald Decl.*, Ex. 2. Moreover, Mario Ernst decided to pay employees who worked overtime through multiple paychecks and subsequently ended that policy. *McDonald Decl.*, ¶ 8, *Jenkins Decl.*, Ex. 1 (Mario Ernst Depo. at 19:15-20:5; 31:9-15); *Jenkins Decl.*, Ex. 4 (Ramos Depo. at 58:5-20). He also signed the paychecks and sometimes brought them to the restaurant to be distributed. *McDonald Decl.*, ¶ 8. Thus, based on the evidence presented by Plaintiff, there is a genuine issue of material fact as to whether Mario Ernst violated Labor Code § 510 or caused it to be violated.

Mario Ernst cites *Jeske* for the proposition that specific facts must be pleaded to show that one caused a PAGA violation. *See Jeske v. Maxim Healthcare Services, Inc.*, No. CV F 11–1838 LJO JLT, 2012 WL 78242, *21 (E.D. Cal. Jan. 10, 2012). However, in *Jeske*, "[t]he complaint merely allege[d] that Mr. Tagayun and Ms. Blankenship are managers/supervisors." *Id.* at *21. Here, the factual allegations detailed above are much more specific and speak to Mario Ernst's involvement in determining and calculating overtime pay. Thus, the Court is not

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#55 (01/17 hrg off)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

convinced that *Jeske* is applicable to this case.

    Accordingly, Mario Ernst's motion for summary judgment as to his individual liability under the PAGA claims is denied.

IV.    <u>Conclusion</u>

    Based on the foregoing, Mario Ernst's Motion for Summary Judgment is DENIED.