O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:**      **(In Chambers) Order GRANTING Motion for Class Certification under FLSA and DENYING Motion for Class Certification under FRCP 23**

    Pending before the Court is Plaintiff Chris McDonald's Motion for Class Certification. *See* Dkt. # 54. After considering the moving papers, opposing papers, reply papers, and oral argument, the Court GRANTS the motion for class certification under FLSA, and DENIES the motion for class certification under Federal Rule of Civil Procedure 23.

I.      Background

    Chris McDonald ("McDonald" or "Plaintiff") filed this action in California state court, on behalf of herself and others similarly situated, in October 2011, alleging claims under California law for failure to provide overtime compensation, failure to pay wages owed for missed meal periods, failure to pay all wages owed following separation from employment, failure to provide accurate itemized statements, unfair and unlawful business practices, and violations under the Private Attorneys General Act ("PAGA"). *See TAC* ¶¶ 48-99. Additionally, Plaintiff brought a collective action for failure to pay overtime under the Fair Labor Standards Act ("FLSA"). *Id.* ¶¶ 44-47. Defendant Ricardo's on the Beach, Inc., ("Ricardo's," together with Mario and Teri Ernst, "Defendants") employed Plaintiff, an hourly employee who worked at both Dinah's Family Restaurant ("Dinah's") and Ricardo's El Ranchito Restaurant ("El Ranchito"), owned by Ricardo's. *Id.* ¶ 2.

    Defendants removed the case to federal court on November 9, 2011. Dkt. # 1. A year later, Plaintiff filed this motion for class certification, seeking certification of a combined FLSA collective action and Rule 23 class action. *Mot.* 11:7-28. Defendants do not oppose conditional

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

certification of the FLSA collective action, but argue that the Court should deny certification of the Rule 23 class on the basis that granting certification would be inconsistent with the requirements of Rule 23(b)(3). *Opp.* 3:22-4:13.

II.  Discussion

Because the FLSA claims are the basis for this Court's jurisdiction, the § 216(b) Motion as to these claims is considered first.

   A.   FLSA

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "[A]ny one or more employees for and in behalf of himself or themselves and other employees similarly situated" may bring an action for unpaid overtime compensation against an employer who is alleged to have violated the FLSA. *Id.* § 216(b). Employees wishing to join the suit must "opt-in" by filing a written consent with the court. *Id.*

District courts have discretion to determine whether certification of a § 216(b) collective action is appropriate. *Leuthold v. Destination Am.,* 224 F.R.D. 462, 466 (N.D. Cal. 2004) (citation omitted); *Smith v. T-Mobile USA, Inc.,* Case No. 05-5274 ABC (SSx), 2007 WL 2385131, at *2 (C.D. Cal. Aug.15, 2007) (citation omitted). Courts generally follow one of two approaches: (1) evaluating the FLSA collective action in terms of Rule 23's class certification requirements; or (2) applying a two-step approach involving initial notice to prospective plaintiffs followed by a final evaluation whether such plaintiffs are similarly situated. *Leuthold*, 224 F.R.D. at 466-67. The majority of courts prefer the latter approach. *Wynn v. National Broadcasting Company, Inc.,* 234 F.Supp.2d 1067, 1082 (C.D. Cal. 2002); *but see Shushan v. University of Colorado at Boulder,* 132 F.R.D. 263, 265 (D. Colo. 1990) (holding that named representatives must satisfy all requirements of Rule 23 insofar as those requirements are consistent with § 216(b)). The court proceeds under the two-tiered analysis, given that the majority of courts have adopted it.

At the early Tier I stage, the court determines "based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." *T-Mobile,* 2007 WL 2385131, at *3 (citation omitted). The "more rigorous" Tier II

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

analysis is designed to determine-with the benefit of a more fully developed record-whether the plaintiffs are "similarly situated" to justify proceeding as a collective action. *Leuthold,* 224 F.R.D. at 467; *T-Mobile,* 2007 WL 2385131, at *7. The FLSA does not define the term "similarly situated," and there is no Ninth Circuit precedent interpreting the term. *Adams v. Inter-Con Sec. Sys., Inc.,* 242 F.R.D. 530, 536 (N.D. Cal. 2007) (citation omitted).

However, the prevailing view is that plaintiffs bear the burden of proving that collective action treatment is appropriate. *Pfohl v. Farmers Ins. Group,* Case No. CV-03-3080 DT (RCx), 2004 WL 554834, at *2 (C.D. Cal. Mar. 1, 2004). It is not sufficient for the plaintiffs' evidence to merely "successfully engage" the competing evidence offered by the defendant; rather, it is plaintiffs' burden to provide substantial evidence to demonstrate that they are similarly situated. *Castle v. Wells Fargo Fin., Inc.,* Case No. C-06-4347-SI, 2008 WL 495705, at *2 (N.D. Cal. Feb. 20, 2008).

In deciding whether plaintiffs have met their Tier II burden, courts weigh various factors that require the court to engage in a fact-specific inquiry. *T-Mobile,* 2007 WL 2385131, at *6-*8. These factors include: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations. *Id.*

Here, Plaintiff seeks only initial certification, so the Court need not consider the Tier II analysis at this time. *Mot.* 10:24-11:5. At the notice stage, "the Court requires little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." *Troy v. Kehe Food Distributors,* 276 F.R.D. 642, 649 (W.D. Wash. 2011) (internal quotation marks, citations omitted). The proposed class is defined as follows: "All persons employed by Ricardo's on the Beach, Inc. in California at any time from October 13, 2007 to present, who were paid by the hour." *Mot.* 2:8-10. Plaintiff represents that the class is appropriate for FLSA certification because the class members all were subject to Defendants' "unlawful common practice and policy of paying straight time for overtime to its hourly employees." *Mot.* 2:11-13.

The Court finds that Plaintiff has satisfied her burden, at this early stage, to make "substantial allegations" or a "modest factual showing" that she and other employees employed by Ricardo's were subject to "a common policy or plan that violated the law." *Sarviss v. General Dynamics Information Technology, Inc*., 663 F.Supp.2d 883, 903 (C.D. Cal. 2009); *Misra v. Decision One Mortg. Co., LLC*, 673 F.Supp.2d 987, 995 (C.D. Cal. 2008) (citation

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

omitted). Plaintiff states in her Complaint that Defendants failed to pay putative class members for overtime compensation when they worked more than 40 hours per workweek. *TAC* ¶ 46. There is testimony suggesting both that putative class members were not paid overtime until they worked more than 80 hours in two weeks, and that putative class members never received overtime regardless of their hours. For example, Teri Ernst, one of the Defendants, testified that it has always been the Ricardo's practice to pay straight time as long as employees' hours did not exceed 80 hours in two weeks. *Jenkins Decl.*, Ex. 1 [Ernst Depo.] at 021:16-18, 022:3-8, 022:11-023:11. Plaintiff also relies on deposition testimony of Karina Ramos, payroll manager, who testified that employees did not earn overtime if they worked more than 80 hours in two weeks. *See Jenkins Decl.*, Ex. 4 [Ramos Depo.] at 060:19-23, 068:7-12, 068:15-25, 069:3-070:2, 070:5-071:11, 071:18-23. While the Court notes that the policies suggested by Teri Ernst and Karina Ramos are inconsistent (because Ernst suggests that overtime was paid when employees worked more than 80 hours and Ramos suggests that it was never paid), Plaintiffs also present the deposition testimony of Francisco Rodriguez and Guillermina Madrid, managers at El Ranchito, who confirmed that they followed the same overtime policies as Dinah's. *Jenkins Decl.*, Ex. 3 [Madrid Depo.] at 050:22-051:17, 054:18-055:11; *Jenkins Decl.*, Ex. 11 [Rodriguez Depo.] at 160:14-25, 167:16-169:3.

Defendants do not disagree that initial certification is appropriate under the FLSA; however, they present evidence to suggest that payroll policies differed between the two restaurants. *Khachaturian Decl.* ¶ 2-5, Exs. 1-5. Specifically, the payroll records show that some of the employees at Dinah's did receive overtime pay when they worked in excess of 80 hours. *Khachaturian Decl.*, Exs. 1, 3. The payroll records of Ricardo's are unclear. Although the Khachaturian Declaration suggests that Miguel Becerra and Ramon Munoz worked more than 80 hours and were not paid overtime, the Court notes that is not apparent from the document that Becerra and Munoz were ultimately not paid overtime. *Khachaturian Decl.*, Ex. 4.[1] Defendants argue that this should result in two sub-classes, one for employees of Dinah's and one for employees of El Ranchito.

However, the Court is not convinced that the records show a difference in policy. Moreover, because there is deposition testimony from managers at El Ranchito confirming that they follow the same payroll policies as Dinah's, even if there is inconsistent testimony as to what the policy is, the Court is satisfied that the "fairly lenient standard" required to support

---

[1] It is not apparent from *Khachaturian Decl.*, Exs. 2, 5 how many hours each employee worked, nor the rates at which employees were paid, and Defendants make no effort to explain this information.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

conditional certification is met here. *Edwards v. City of Long Beach,* 467 F.Supp.2d 986, 990 (C.D. Cal. 2006). *See also Mitchell v. Acosta Sales, LLC,* 841 F.Supp.2d 1105, 1117-18 (C.D. Cal. 2011). Thus, two subclasses are unnecessary.

Accordingly, the Court finds that there is ample evidence to suggest that Dinah's and El Ranchito had policies in place that did not pay employees for weekly overtime. *See Jenkins Decl.*, Ex. 4 [Ramos Depo.] at 060:19-23, 094:7-12, 094:15-25, 095:3-096:2, 096:5-097:11, 097:18-23; *Jenkins Decl.*, Ex. 1 [Ernst Depo.] at 021:16-18, 022:3-8, 022:11-023:11; *Jenkins Decl.*, Ex. 3 [Madrid Depo.] at 050:22-051:17, 054:18-055:11; *Jenkins Decl.*, Ex. 11 [Rodriguez Depo.] at 160:14-25, 167:16-169:3. At the conditional certification stage, this factual showing is sufficient to support a finding of similarity. Accordingly, conditional certification is granted as to the FLSA class.

Defendants also bring up in their Opposition that the notice should be restricted to those who have not yet settled their claims. However, the putative plaintiffs were not able to settle their FLSA claims by signing the settlement agreement offered by Defendants. *See Dent v. Cox Comm'ns Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)). According to *Lynn's*, upon which the *Dent* court relied, FLSA claims can only be properly settled by employees in two circumstances: (1) where the Secretary of Labor supervises payment of unpaid wages owed to employees or (2) where the employees present a proposed settlement to the district court, which evaluates the fairness of the settlement. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). Because neither of those circumstances occurred in this case, the Settlement Agreements are invalid as to the FLSA claims.

Accordingly, for purposes of settlement, while many putative plaintiffs may have settled potential claims under Rule 23, all putative plaintiffs maintain the ability to opt-in under the FLSA. Thus, notice should be sent to all putative plaintiffs as to the FLSA action.

B.      Rule 23

The decision whether to certify a class is committed to the discretion of the district court within the guidelines of Federal Rule of Civil Procedure 23. *See Cummings v. Connell,* 316 F.3d 886, 895 (9th Cir. 2003). A court may certify a class if a plaintiff has met the four prerequisites of Rule 23(a), and at least one of the alternative requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996). Plaintiff has

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

the burden to establish that the Rule 23(a) and Rule 23(b) requirements have been met. *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001).

Rule 23(a) sets forth four prerequisites to class certification: (1) the class is so numerous that joinder of all members individually is "impracticable"; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representative are typical of the claims or defenses of the class; and (4) the class representative will fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a). If all four prerequisites of Rule 23(a) are satisfied, a plaintiff must also establish that one or more of the grounds for maintaining the suit are met under Rule 23(b), including: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b).

"[D]istrict courts must conduct a rigorous analysis into whether the prerequisites of Rule 23 are met before certifying a class." *Valentino,* 97 F.3d at 1233 (citation omitted). In determining the propriety of a class action, the court is bound to take the substantive allegations of the complaint as true. *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,* 691 F.2d 1335, 1342 (9th Cir. 1982); *Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir. 1975). However, the court must also consider the nature and range of proof necessary to establish those allegations. *Id.*

Plaintiff seeks certification of a Rule 23 class to pursue claims based on violations of California law for failure to provide overtime compensation, failure to pay wages owed for missed meal periods, failure to pay all wages owed following separation from employment, failure to provide accurate itemized statements, and unfair and unlawful business practices. *See TAC* ¶¶ 48-93. Plaintiff contends that she has met all of the requirements of Rule 23(a), and Defendants fail to address the Rule 23(a) requirements, arguing that Plaintiff fails to satisfy Rule 23(b)(3). Because Plaintiff's failure to satisfy Rule 23(b)(3) is dispositive of the Rule 23 motion, the Court need not decide the issue of whether Plaintiff has satisfied Rule 23(a).

Plaintiff seeks certification under Rule 23(b)(3), see *Mot.* 22:22-26, which authorizes the court to certify a class action if "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). While Defendants do not appear to dispute the issue of whether common facts would be amenable to class treatment, Defendants argue that the Court should deny certification

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

of a broader Rule 23 "Opt-Out" class because the class action is not "superior to other methods for fairly and efficiently adjudicating the controversy" under Rule 23(b)(3). *Opp.* 8:26-9:26. Defendants argue that Plaintiff's "three-Notices approach invites unspeakable confusion for the putative class." *Id.* 11:21-22. The Court agrees with Defendants that certifying a Rule 23 class action is not the superior means of adjudicating Plaintiff's claims.

"Under Rule 23(b)(3), the court must evaluate whether a class action is superior by examining four factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be encountered in the management of a class action." *Leuthold v. Destination America, Inc.,* 224 F.R.D. 462, 469 (N.D. Cal. 2004); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 991-93 (C.D. Cal. 2006). Accordingly, the Court must compare the merits of proceeding as a class action under Rule 23 against alternative methods of resolving the dispute. *See e.g., Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1023 (9th Cir. 1998).

First, Defendants have produced evidence that certification of a class under Rule 23 would impact putative plaintiffs' ability to control the litigation. In *Leuthold*, Defendants produced evidence that there was substantial hostility amongst potential class members. *Leuthold*, 224 F.R.D. at 470 ("The individual plaintiffs' ability to control the litigation is particularly significant in this case because defendants have produced evidence that substantial hostility against this lawsuit exists amongst potential class members."). The court in *Leuthold* appeared to reason that plaintiffs' ability to control the litigation is limited where there is "discord in the potential class" and where class members do not wish to join the lawsuit. *Id.* at 469-70.

Defendants have produced evidence that there is discord among the class members. Defendants' declarations suggest that there is hostility among Chris McDonald and the putative class members because putative class members harbor negative feelings toward McDonald. *See Craig Decl.* ¶ 3; *Rodriguez Decl.*, ¶ 3. Laura Craig stated that McDonald "would often scream at the employees who worked under her and made them feel awful," "would scream at employees in front of customers," and "would use profanity against them." *Craig Decl.* ¶ 3. Craig also detailed that McDonald was "often very unfair with the employees who worked under her," which was evidenced by her disciplining employees "harshly for small mistakes." *Id.* Craig summarized her opinion as follows: "It's my understanding from things I saw and heard that a

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

lot of employees have strong negative feelings about her." *Id.* Similarly, Francisco Rodriguez said that "Chris McDonald was very rude to the employees and the customers" and that McDonald made him cry twice. *Rodriguez Decl.* ¶ 3. Rodriguez also explained that "most of the employees acted very angry towards her or [were] scared of her." *Rodriguez Decl.* ¶ 4. Additionally, McDonald was "the person who told [employees] how to do the payroll," which may cause additional conflict among class members if they believe that McDonald was partially responsible for the overtime policy. *Khachaturian Decl.*, Ex. 8 [Rodriguez Depo.] at 35:14-15.

    Based on the representations by these putative class members, *see Jenkins Decl. in Response to Defendant's Supplemental Update*, Ex. 1, the Court is persuaded that there is significant hostility towards Chris McDonald that creates discord among class members. The Court also notes that McDonald's Reply Declaration does not alleviate these concerns. *See McDonald Decl.* ¶ 25 ("Francisco may have cried during an incident where I was responsible for enforcing the company's rules . . ."). Not only does McDonald fail to allege facts to suggest that putative class members do not feel hostility towards her, other than a general denial of their accusations, but the Court recognizes that McDonald's own opinion is irrelevant to the discord among putative class members; what matters is the opinion of the potential class members. Here, where putative class members harbor negative feelings toward McDonald, this likely impacts potential plaintiffs' willingness to participate in the class action and does not support certification. Such discord among the putative class members is problematic for purposes of a Rule 23 class action because the opt-in mechanism is more likely than the opt-out procedures of FLSA to force involvement on behalf of plaintiffs who would rather not participate in the class action at the direction of a particular class representative. *Compare Leuthold*, 224 F.R.D. at 469-70 *with Guifu Li v. A Perfect Franchise, Inc.*, 5:10-CV-01189-LHK, 2011 WL 4635198 (N.D. Cal. Oct. 5, 2011) ("Defendants have produced no evidence that there is hostility against proceeding with the class action amongst the class members."); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 491 (E.D. Cal. 2006) ("Other than the cooperation of some Route Sales Drivers with Defendant, no such hostility exists here.").

    In the same vein, where there is evidence that plaintiffs would rather not participate in the class action, *Leuthold* suggests that this hostility toward litigation would weigh against certification. *Leuthold*, 224 F.R.D. at 470. Here, 89 putative class members have signed settlement agreements that release Defendants from liability as to the claims in this litigation. Because putative class members chose to sign releases, in contrast with choosing to participate in litigation, this indicates that a large portion of the class is hostile to participation in litigation as well. *See* Dkt. # 62. The Court notes that, at the time Defendants' Supplemental Update was

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

filed with the Court, there were a total of 89 Settlement Agreements signed by putative class members.[1] Plaintiff alleges in a Supplemental Declaration that Defendants' Supplemental Update revealed an additional thirty class members that had not yet been disclosed to Defendants. Thus, in additional to the class members identified in the moving papers, there are an additional 30 putative class members, bringing the total class size to 151 class members. *See Jenkins Decl. in Response to Defendants' Suppl. Update*, Exs. 1, 2. Of those 151 class members, Defendants represented at the time of oral argument that 93 putative class members have signed Settlement Agreements, which indicates that more than 60% of the putative class members exhibit hostility towards the litigation. *Cf. Harris v. Vector Marketing Corp.*, 753 F. Supp. 2d 996, 1018 (finding that, in a class of over 40,000 people, hostility exhibited in 50 declarations was not significant with respect to the class as a whole); *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-25-VAP (OPx), 2008 WL 4948489, *9 (C.D. Cal. Nov. 18, 2008) (finding that a "lackluster response" to the nationwide FLSA collective action did not show "clear hostility" to state law certification).

Like in *Leuthold*, the Court recognizes that where a large portion of the class has demonstrated a lack of interest in proceeding with litigation, an opt-in notice procedure would be preferable to the opt-out mechanism of Rule 23 certification. Accordingly, this factor would weigh in favor of finding that certification is not superior.

Second, as to the extent and nature of litigation commenced by or against the class, the Court notes that because the FLSA action is available as a vehicle by which opt-in plaintiffs may litigate their state law claims, the additional certification is unnecessary. *Leuthold,* 224 F.R.D. at 469. Moreover, because opt-in plaintiffs under the FLSA may litigate their pendent state law claims, this ameliorates many of Plaintiff's concerns with proceeding as an FLSA action. That is, plaintiffs will not be prejudiced by the less lenient federal standards under FLSA because they will also be permitted to pursue their state law claims.

As to the third factor, the desirability of concentrating claims in a particular forum, given that class members must opt-in to a FLSA action and must affirmatively opt-out of a Rule 23 class action, it is likely that there would be more class members with state law claims than federal claims. This raises jurisdictional issues because but for the FLSA claims, Plaintiffs would not have jurisdiction in this Court. *See* 28 U.S.C. § 1367(a). Thus, if "only a few plaintiffs opt-in to the FLSA class after the court were to certify a Rule 23 state law class, the

---

[1] The Supplemental Update details that there are 90 signed Agreements, but it appears that Antonio Mendoza was listed twice. *See* Dkt. # 62.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

court might be faced with the somewhat peculiar situation of a large number of plaintiffs in the state law class who have chosen not to prosecute their federal claims." *Leuthold,* 224 F.R.D. at 470. This raises issues concerning the propriety of the Court's exercise of supplemental jurisdiction over the state law claims, i.e., that the state law claims would substantially predominate over the federal claims. *See* 28 U.S.C. § 1367(a). In other words, there would exist "the rather incongruous situation of an FLSA 'class' including only a tiny number of employees . . . with a state-law class that nonetheless includes all or nearly all of the [department's] current or former employees . . . [t]o do so would effectively allow a federal tail to wag what is in substance a state dog." *Edwards*, 467 F. Supp. 2d at 991-93 (citations omitted). "[W]hile Section 1367(a) allows parties to join their state claims to federal claims where appropriate, it does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a federal collective action." *Id.* This is particularly true in this case, as the moving papers suggest that of the non-settling putative class members, the many of the remaining members' locations are unknown. *See Khachaturian Decl.* ¶ 8. If that is the case, the Rule 23 action would likely be larger than the FLSA action and state law claims would predominate.

The Court recognizes the possibility that the FLSA class could be larger than the proposed Rule 23 class. However, given the circumstances, this is unlikely. Although many of the putative class members have signed Settlement Agreements that purport to waive their right to participate in the Rule 23 class action (and which are invalid as to the FLSA claims), the Settlement Agreements do not require the putative class members to opt-out of the class; rather, the signing of the Agreements mean that putative class members are subject to defenses that may defeat the claims of the putative class members. *See Avilez v. Pinkerton Government Services*, No. SACV 11-0493 DOC (RZx) --- F.R.D. ---, 2012 WL 5077136, *4 (C.D. Cal. Oct. 9, 2012) (finding that with regard to typicality requirement of 23(a), the fact that named Plaintiff had not signed a Settlement Agreement did not make Plaintiff atypical, it just meant that Plaintiff had a stronger claim than some of the putative class members whose claims were subject to the potential defense of the signed releases). Because the Rule 23 class action would require plaintiffs to opt-out, the class size would start at 151 and would require members to opt-out. By contrast, the FLSA class action would require members to opt-in. Given that many of the class members cannot even be located, and that many members are averse to proceeding with the litigation, it is unlikely that more class members would opt-in to the FLSA class action than would fail to opt-out of the Rule 23 class action.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

Fourth, certifying the Rule 23 class action would pose many difficulties in terms of managing the class action. Ample confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit. *See id.* Plaintiff contends that any confusion will be mitigated by using plain language and translating from English to Spanish as needed. However, the Court is not satisfied that this will help plaintiffs without legal training to understand the distinctions between the classes. Furthermore, in this case, not only does Plaintiff propose multiple notices with varying opt-in and opt-out mechanisms, but there is also a great risk that putative class members will be confused about the impact of their signed Settlement Agreements. Also, allowing both a § 216(b) collective action and a Rule 23 class action to proceed would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to § 216(b) collective actions. "[T]he policy behind requiring FLSA plaintiffs to opt-in to the class would largely 'be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.'" *Leuthold,* 224 F.R.D. at 470 (citation omitted).

As a result, the § 216(b) collective action is a "more appropriate vehicle to hear the state law claims of plaintiffs who are interested in pursuing such claims." *Leuthold,* 224 F.R.D. at 470.

Plaintiff cites many cases to suggest that it would be appropriate to certify the action under Rule 23 as well as the FLSA. Unfortunately, "[n]o authority from the Ninth Circuit is directly on point." *Bamonte v. City of Mesa,* No. CV 06-01860-PHX-NVW, 2007 WL 2022011, at *4 (D. Ariz. 2007). Though there is a notable discrepancy in the case law, the cases cited by Plaintiff are different from this case because none involve hostility among the Plaintiff and putative class members, which significantly impacts potential plaintiffs' ability to control litigation. Of all the cases cited in the moving papers, only *Leuthold* similarly faced a situation where there was hostility toward the litigation. Indeed, one of the cases cited by Plaintiff recognized that hostility among class members played a pivotal role in determining whether certification was appropriate. *Harris*, 753 F.Supp.2d at 1010. Additionally, the Court finds Plaintiff's attempts to distinguish *Leuthold* unavailing. Plaintiff argues that in *Leuthold*, there was hostility as to the lawsuit and that such hostility is not present in this case. *Reply* 9:24-25. However, the Court finds that where nearly 60% of the putative class has exhibited a desire not to proceed with litigation, hostility toward the litigation is present. Additionally, this case has the added element of hostility toward the named Plaintiff, which impacts hostility toward the litigation as well. Accordingly, the Court DENIES Plaintiffs' Rule 23 Motion. Plaintiffs who

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

opt-in to the § 216(b) collective action may pursue any pendent state law claims as part of the FLSA action.

    C.    PAGA

Plaintiff does not seek to certify a class for her claim under California Labor Code § 2698 et seq., commonly referred to as the PAGA. *See* Mot. 19:17-23. Plaintiff does not seek to certify a class because, as Plaintiff correctly notes, both the California Supreme Court and the vast majority of district courts in this circuit have held that a PAGA claim need not meet class certification requirements. *Arias v. Superior Court,* 46 Cal.4th 969, 975, 95 Cal.Rptr.3d 588 (2009); *McKenzie v. Fed. Exp. Corp.,* 765 F.Supp.2d 1222, 1233 (C.D. Cal. 2011) (listing several district courts in California that "have held that the class certification requirements of Rule 23 do not apply to PAGA claims"). Indeed, this Court has previously reached that same conclusion and held:

> Unlike a class action, a PAGA action does not limit "an employee's right to pursue or recover other remedies available under federal law, either separately or concurrently with [a PAGA] action," Cal. Labor Code § 2699(g)(1), nor does it require PAGA plaintiffs to give notice to other "aggrieved employees." Thus, because a PAGA action is fundamentally distinct from a class action, it should not be restricted by the procedural limitations of Rule 23.

*Alcantar v. Hobart Service*, No. ED CV 11-1600 PSG (SPx), 2013 WL 146323, *2 (C.D. Cal. Jan. 14, 2013). Accordingly, although the Court has not certified a class under Rule 23, this does not limit the ability of the PAGA claims to go forward.

    D.    Notice

The FLSA requires the Court to provide potential class members "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989). The parties are ordered to meet and confer regarding the notice to be sent to putative class members. The proposed notice shall be submitted to the Court no later than **February 2, 2013**.

IV.    Conclusion

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-9366 PSG (MRWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

    For the foregoing reasons, pursuant to 29 U.S C § 216(b), the Court conditionally certifies the FLSA representative action. The Rule 23 Motion is DENIED.

    **IT IS SO ORDERED.**