O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-9366 PSG (MRWx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order regarding Class Certification Notice

In the Court's January 22, 2013 Order granting class certification under the Fair Labor Standards Act ("FLSA"), it directed the parties to meet and confer regarding the Notice of Collective Action and Consent to Join Form (the "Notice") to be sent to putative class members. The parties submitted competing proposals to the Court. *See* Dkt. # 112.

Plaintiff's proposal is superior to Defendant's proposal for two primary reasons. First, Plaintiff's proposal more closely models the exemplar offered by the Federal Judicial Center. "The Federal Judicial Center's class action notice website states that the model notices are based on 'studying empirical research and commentary on the plain language and drafting of legal documents.'" *Jenkins Decl.*, ¶ 7. Defendants argue that Plaintiff's adherence to the Federal Judicial Center exemplar is irrelevant because the exemplar pertained to Rule 23 certification, and not FLSA certification. However, Plaintiff has appropriately modified the notice for purposes of FLSA certification. Additionally, Plaintiff's proposal educates class members of their right to opt-in to the FLSA class even if they have signed a settlement agreement with Defendants. As this Court recognized in its January 22, 2013 Order, the FLSA putative plaintiffs were not able to settle their FLSA claims by signing the settlement agreement offered by Defendants. *See Dent v. Cox Comm'ns Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)). Thus, any class action notice must notify putative plaintiffs of their right to opt-in notwithstanding any settlement agreements.

Although the Court prefers Plaintiff's proposal, some amendments are necessary. First, Defendants' attorney's contact information should be included. *See Madrid v. Peak*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

*Construction, Inc.,* No. 2:09-cv-00311 JWS, 2009 WL 2983193, *3 (D. Ariz. Sept. 17, 2009) ("[D]efendants argue that excluding defense counsel's contact information from the notice suggests to potential collective action members that they are already represented by plaintiffs' counsel and that granting plaintiffs' counsel exclusive access to potential collective action members could provide plaintiffs' counsel an avenue to mislead potential collective action members in an attempt to secure their consent to join the lawsuit. The court agrees, and orders the parties to include the contact information for counsel representing plaintiffs and defendants."). However, including defense counsel's contact information on the notice should not be construed as giving defendants the affirmative right to contact putative class members to dissuade them from joining the action. *Id.* Aside from Plaintiff sending the notice, neither party may affirmatively contact potential class action members to persuade them to join or dissuade them from joining the class action. *Id.* Counsel may only receive calls and other communications and explain in an objective fashion what the lawsuit entails. *Id. See also Parks v. Eastwood Ins. Services, Inc.*, 235 F. Supp. 2d 1082, 1083-85 (C.D. Cal. 2002); *cf. Harris v. Vector Marketing Corp.*, 716 F. Supp. 2d 835, 847 (collecting cases that did not permit defense counsel to be listed on the notice form in the context of Rule 23 certification, where putative class members are considered represented by class counsel unless they opt out). Plaintiff shall also remove any language suggesting that putative class members should not contact defendants' counsel.

Additionally, the notice should be conformed to more closely model the Federal Judicial Center model notice. The first page of the notice should be amended such that following "A court authorized this notice," the notice also states, "This is not a solicitation from a lawyer." *See Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1132 (N.D. Cal. 2009). Plaintiff shall also remove the language "without any risk to you" from the first paragraph, as that indicates that there is no risk involved. Plaintiff shall also include the following disclaimer in the bullet points on the first page: "The Court has not decided whether Dinah's, Ricardo's El Ranchito, or Ricardo's on the Beach have done anything wrong. There is no money available now, and no guarantee that there will be. However, your legal rights are affected, and you have a choice to make now."

Moreover, Plaintiff shall remove the third paragraph of page 3 notifying putative class members that they can come to the courthouse to view the Complaint. Plaintiff shall make the Complaint available to putative class members via the Internet.

The Notice shall also be modified to include the dates noted in the parties' stipulated

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9366 PSG (MRWx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

application for an Order modifying the Scheduling Order.  *See* Dkt. # 112.  Thus, the last day for employees to mail their consent to join to Plaintiff's counsel is 45 days from the mailing of the Notice.  The last day for filing of a Consent to Join is 60 days from the mailing of the Notice.

Additionally, while not included on the Notice itself, the Court notes that a third party claims administrator is not necessary at this stage.  *Madrid,* 2009 WL 2983193, *2 (finding that the use of a third-party administrator was an unnecessary expense, and that avoiding the expense outweighed privacy concerns raised by defendants).  Plaintiff should be responsible for the cost of the mailing.  *See Gilbert v. Citigroup, Inc.*, 2009 U.S. Dist. LEXIS 18981, *15 (N.D. Cal. Feb. 18, 2009).  Additionally, to the extent Defendants request pre-notice communications among Plaintiff's counsel and putative plaintiffs, the request is denied.  *See Barton v. U.S. Dist. Court for Central Dist. of Cal.*, 410 F.3d 1004, 1111 (9th Cir. 2005) (recognizing that attorney-client privilege attaches to preliminary consultations).

Finally, Plaintiff should add a comma following "October 7, 2008" on page 4, and remove the apostrophe from the heading "How will the lawyer's be paid?" on page 6.

Plaintiff also filed a request that the Notice include a Spanish language version.  *See* Dkt. # 115.  Defendants do not oppose the request as long as they receive the opportunity to approve the translation.  *Id.*  The Court approves the request, contingent upon Defendants' approval of the translation.

Thus, based on the foregoing, it is ordered as follows:

- Defendant is ordered to serve Plaintiff's counsel with an updated list of the name and last known address of each putative class member.  This shall be completed no later than **February 20, 2013.**

- Plaintiff's counsel shall not disclose the information provided by Defendants to any person or entity, nor use the information in any way except as necessary to provide notice of the lawsuit to potential class action members.

- Plaintiff is ordered to submit a revised Notice, along with a Spanish language version approved by Defendants, no later than **February 20, 2013**.  The revisions should include the contact information for counsel representing Plaintiff and Defendants and any other amendments suggested by the Court.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-9366 PSG (MRWx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | *Chris McDonald v. Ricardo's on the Beach, Inc., et al.* | | |

- Neither Defendants, nor counsel for Defendants, nor Plaintiffs, nor counsel for Plaintiffs, may contact any potential collective action member in an attempt to persuade them to join or dissuade them from joining the collective action. Thus, while counsel for both parties may receive calls or other communications initiated by potential members and then explain, in an objective fashion, what the lawsuit entails, they shall not make any effort to contact potential collective action members. The only affirmative contact that is permitted is the mailing of the notice by Plaintiff's counsel.

**IT IS SO ORDERED.**